122 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Antonio Celedonio SANDOVAL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70050.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Decided Aug. 27, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Avf-qns-hle.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Antonio Celedonio Sandoval, a native and citizen of El Salvador, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judges's ("IJ") denial of his application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and deny the petition.
 
 
 3
 We review for substantial evidence the BIA's factual findings underlying its decision that an applicant is ineligible for asylum, see Ramos-Vasauez v. INS, 57 F.3d 857, 861 (9th Cir.1995), and we will reverse that decision only if the applicant presents "compelling evidence of persecution," see Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995).
 
 
 4
 Sandoval contends that the BIA's finding that he did not establish a well-founded fear of persecution on account of his political opinion is not supported by substantial evidence.[1] This contention lacks merit.
 
 
 5
 To establish eligibility for asylum, Sandoval must show that he has a well-founded fear of persecution in El Salvador on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1101(a)(42)(A), 1158(a); Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). He must demonstrate both a genuine subjective fear of persecution and an objectively reasonable fear. See Acewicz, 984 F.2d at 1061. The objective inquiry requires "a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution on the relevant ground." See Lopez-Galarza v. INS, 99 F.3d 954, 958-59 (9th Cir.1995) (citation and internal quotations omitted).
 
 
 6
 First, although the BIA mentioned the IJ's concern about Sandoval's credibility, the BIA did not make an express credibility finding. Under such circumstances, we will presume that the BIA found Sandoval credible. See Maldonado-Cruz v. INS, 883 F.2d 788, 792 (9th Cir.1989).
 
 
 7
 Sandoval testified that he was a member of the Alianza Republicana Nacionalista ("ARENA") party from December 1988 until December 1993. In December 1993, guerrillas allegedly affiliated with the "Frente Farabundo Marti para la Liberacion Nacional" ("FMLN") kidnapped Sandoval, detained him for three days, interrogated and beat him. The FMLN apparently threatened Sandoval with death if he did not provide the names of ARENA party members. In January 1994, a bomb was detonated at his former residence and the home of a relative was fired upon in February 1994. Sandoval fled El Salvador on January 25, 1994.
 
 
 8
 Here, substantial evidence supports the BIA's determination that Sandoval failed to establish his eligibility for asylum. Although Sandoval's testimony may have established that he genuinely fears persecution if returned to El Salvador, see Cuadras v. INS, 910 F.2d 567, 571 (9th Cir.1990), he adduced no evidence to support an objectively reasonable well-founded fear of persecution, see Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam). The BIA noted that, in light of the 1992 peace accords and the 1994 inauguration of the ARENA party presidential candidate, Sandoval did not have an objectively reasonable fear of future persecution. Moreover, the fact that Sandoval's siblings have remained safely in El Salvador undercuts Sandoval's well-founded fear. See id. at 1006.
 
 
 9
 In light of the record, we conclude that no reasonable factfinder would be compelled to conclude that Sandoval possessed a well-founded fear of persecution. See Kazlauskas, 46 F.3d at 905. Finally, because the standard for withholding of deportation is higher than the standard for asylum, we affirm the denial of withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We lack jurisdiction to consider Sandoval's imputed political opinion argument because he failed to raise it before the BIA. See Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994)